APPEARANCES:
For the Petitioner: DAVID K. JAFFE, ESQUIRE
For the Respondent; VINCENT DOOLEY, ESQUIRE ASSISTANT STATE'S ATTORNEY
June C. DePolito Court Monitor
JUDGMENT
THE COURT: Now, let me just make this absolutely clear for the record, and at this point in time, I'm going to ask the monitor to prepare five copies of the following occurrences.
As I understand, the parties are stipulating at this point in time that the petition for writ of habeas corpus be grafted, that this Court will order a new trial.
However, I understand further that the parties have reached an agreement that Mr. Claar, as soon as is practical, will be summoned to appear before the Superior Court at Putnam.
MR. DOOLEY: Danielson, Your Honor.
THE COURT: Danielson. He will be put to plea, I would assume on the same charges that he was convicted of after the first jury trial, and that by an agreement of the parties, upon plea, a total effective sentence will be nine years, execution suspended after three years and eight months, or forty-four months total, followed by probation for a period of three years. The same conditions of probation would attach as attached in the original court judgment rendered in 1990.
Now, first I would ask Mr. Dooley, is this, in fact, the agreement of the parties?
MR. DOOLEY: Yes, Your Honor.
THE COURT: And Mr. Jaffe, is this the agreement of the parties? CT Page 5364
MR. JAFFE: Yes, it is, Your Honor.
THE COURT: All right. Now, Mr. Claar, I'm going to ask you to stand, I'm going to ask you to raise your right hand.
Do you swear that the testimony you're about to give this Court shall be the truth, the whole truth, and nothing but the truth, so help you God?
THE PETITIONER: I do.
THE COURT: You can put your hand down. You can sit down too, if you'd like.
You heard me recite this agreement. Do you understand that, first of all, this will conclude this petition for a writ of habeas corpus forevermore?
THE PETITIONER: Yes.
THE COURT: Secondly, do you understand that one copy of this transcript that's being prepared is going to be transmitted to the Court at Danielson so that it's going to become a part of the official court record at Danielson?
THE PETITIONER: Yes.
THE COURT: So, for all intents and purposes, your representations to this Court with respect to your willingness to enter into a plea of guilty with the recommendation is outlined, nine years after forty-four months followed by three years probation, effectively it's a binding agreement that you've made a part of this court record. Do you understand that?
THE PETITIONER: Yes, I do.
THE COURT: Have you had enough time to talk to Mr. Jaffe?
THE PETITIONER: Yes, I have.
THE COURT: Has he answered all of your questions? CT Page 5365
THE PETITIONER: Yes, he has.
THE COURT: Is there anything at this point in time you don't understand that you would like me to clarify for you now?
THE PETITIONER: No.
THE COURT: Has anybody forced you or threatened you in any way to induce you to go along with this agreement as I've stated it on the record?
THE PETITIONER: No.
THE COURT: Has anybody promised you anything as an inducement to get you to go along with this?
THE PETITIONER: No, they did not.
THE COURT: Are you satisfied with the advice and assistance that's been rendered you by your counsel, Mr. Jaffe?
THE PETITIONER: Yes, I am.
THE COURT: Then I will make it official. It's the judgment of this Court that the petition for writ of habeas corpus be granted; that or technical reasons I'm ordering a new trial. However, it's understood that the petitioner, once he's summoned to the Court at Danielson, will be put to plea on the charges of which he was convicted after a jury trial in the first instance and will receive a total effective sentence of nine after forty-four months followed by three years probation.
Anything else, gentlemen?
MR. DOOLEY: No, Your Honor.
MR. JAFFE: No, Your Honor.
THE COURT: I want to compliment all the lawyers involved in this case for their attention, for their preparation, for their thoroughness.
Mr., Claar, you were very well represented in this proceeding. Good luck to you. CT Page 5366
Sheriff, we will recess.
(Whereupon, this matter was concluded.)
SCHEINBLUM, J.